UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SOLOMAN OLUDAMISI AJIBADE, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>JOHN WILCHER, IN HIS OFFICIAL )<br>CAPACITY AS CHATHAM COUNTY )<br>SHERIFF, et al., )<br>)<br>Defendants. )<br>) | CASE NO.: 4:16-CV-82-WTM-GRS<br><br><br><br><br><br>**AMENDED ANSWER OF DEFENDANT**<br>**BENJAMIN WEBSTER** |

Benjamin Webster (hereinafter Defendant), answering the Complaint, would respectfully show unto the Court and allege as follows:

**FOR A FIRST DEFENSE**

1. All matters and things alleged in the Complaint, not specifically admitted are **DENIED** and strict proof demanded thereof.

2. This Defendant lacks sufficient information to admit or deny the allegations contained paragraphs 1 – 6 of the Complaint and must therefore deny them.

3. This Defendant denies the allegations contained in paragraphs 7 – 9 as they pertain to him. Defendant lacks sufficient information to admit or deny the allegations of these paragraphs as they pertain to other defendants herein and so must deny them.

4. As to the allegations contained in paragraphs 10 – 12 of the Complaint, Defendant admits that this Court has personal and subject matter jurisdiction over the claims and that venue is proper in the Federal District Court for the Southern District of Georgia.

5. This Defendant lacks sufficient information to admit or deny the allegations contained

paragraphs 13 - 25 of the Complaint except that he admits Sheriff St. Lawrence died while in office subsequent to the events at issue in this litigation. The remainder of the allegations must be denied.

6. As to paragraph 26 of the Complaint Defendant admits only that at all times relevant to this Complaint, Defendant was employed as a corrections officer by the Chatham County Sheriff. The remainder of the partially admitted paragraph is denied.

7. As to paragraphs 27 and 28 of the Complaint, Defendant admits at all times relevant to this Complaint, he was acting under color of law and was within the course and scope of his employment.

8. As to paragraphs 29 – 58 of the Complaint, this Defendant lacks sufficient information to admit or deny any of the allegations and must therefore deny them all.

9. As to the allegations contained in paragraph 59, Defendant Webster denies he was present at any time a Taser may have been used on Plaintiffs' Decedent, or, if he was, he was unaware of the Taser being used on Plaintiffs' Decedent.

10. As to the allegations contained in paragraph 60, Defendant denies he was in Mr. Kenny's chain of command and he further denies that he had supervisory authority over any member of the Sheriff's Department at any time relevant to this Complaint.

11. As to the allegations contained in paragraphs 61 - 62, Defendant denies he witnessed Mr. Kenny discharge a Taser and he denies he ratified any such action, if it occurred.

12. As to the allegations contained in paragraphs 63 – 69, Defendant lacks sufficient information to admit or deny any of the allegations and must therefore deny them all.

13. As to paragraph 70 of the Complaint, Defendant denies Plaintiffs' Decedent was ever in his care, custody, or control.

14. As to paragraphs 71 – 72 of the Complaint, Defendant denies he owed any duty to Plaintiffs' Decedent at any time.

15. As to paragraphs 73 – 80 of the Complaint, Defendant denies that he participated in any way in the detention, restraint, Tasing, provision of health care, or causing the death of Plaintiffs' decedent and he further denies all the allegations as they pertain to him.

16. As to paragraphs 81 – 83, these allegations are generalized statements of the law which may apply to this action. To the extent they imply any constitutional violation by this Defendant or liability on the part of this Defendant, those allegations are denied.

17. As to the allegations contained in paragraphs 84 – 91, Defendant lacks sufficient information to admit or deny any of the allegations as to the other defendants and must therefore deny them all. As to his own involvement, Defendant denies all of the allegations contained in said paragraphs.

18. As to paragraphs 92 – 109, the allegations contained therein do not pertain to this Defendant and are not directed at him. To the extent a response is required, Defendant denies all such allegations.

19. As to paragraphs 110 – 138, the allegations contained therein do not pertain to this Defendant and are not directed at him. To the extent a response is required, Defendant denies all such allegations.

20. As to paragraphs 139 – 143, Defendant lacks sufficient information to admit or deny any of the allegations as to the other defendants and must therefore deny them all. As to his own involvement, Defendant denies all of the allegations contained in said paragraphs.

21. As to paragraphs 144 – 150, Defendant lacks sufficient information to admit or deny

any of the allegations as to the other defendants and must therefore deny them all. As to his own involvement, Defendant denies all of the allegations contained in said paragraphs.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

22.     Defendant alleges that Plaintiffs' Complaint fails to state facts sufficient to state a cause of action against this Defendant and therefore this Defendant is entitled to dismissal of Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**
**(Immunities – both federal and state law claims)**

23.     Defendant is immune from suit in his official capacity based on the doctrine of sovereign immunity.

24.     Defendant is further immune from suit in his personal capacity pursuant to the Georgia State Constitution because he did not participate in the events surrounding the death of Plaintiffs' Decedent and because this Defendant did not act with actual malice or actual intent to cause injury.

25.     Defendant is further immune from suit because any acts alleged to have occurred on behalf of this Defendant were made using Defendant's discretion, and Defendant is therefore entitled to discretionary immunity from this lawsuit.

26.     Defendant at no time violated any clearly established constitutional rights of the Plaintiff's Decedent which were known or should have been known to him and he is, therefore, entitled to qualified immunity.

27.     This Defendant, in his official capacity, is entitled to absolute immunity under the Eleventh Amendment of the United States Constitution.

## FOR A THIRD DEFENSE
### (Failure to exhaust administrative remedies)

28. Upon information and belief, all parts of the Complaint which may be construed to allege state law causes of action are barred because of Plaintiffs' failure to exhaust available administrative remedies and because Plaintiffs failed to comply the ante-litem notice provisions of the Georgia Code.

## FOR A FOURTH DEFENSE
### (Lack of proximate cause, comparative fault, intervening and superseding acts)

29. Defendant alleges that any injuries or damages allegedly suffered by Plaintiffs' Decedent, which are denied, were due to and caused by the negligence or bad acts of Plaintiffs' Decedent; that the negligence or bad acts of Plaintiffs' Decedent combined and concurred with any acts or omissions of the third parties not subject to this Defendant's control, to produce any such injuries or damages; and that the bad acts, negligence, and recklessness of Plaintiffs' Decedent exceeded any negligence or recklessness of Defendant. Defendant, therefore, pleads the comparative negligence and recklessness of Plaintiffs' Decedent as a bar to this action.

30. Defendant alleges that any injuries sustained by Plaintiffs' Decedent as a result of this incident were due to the acts of Plaintiffs' Decedent insofar as the incident complained of was initiated by Plaintiffs' Decedent.

31. Defendant alleges that any injuries or damages sustained by the Plaintiffs' Decedent, were due to and caused by the intentional bad acts or negligence of other persons, firms or corporations over whom this Defendant had no control, and Defendant, therefore, pleads the intentional bad acts or sole negligence of others as a complete bar to this action against him.

32. Any injury or damage sustained by the Plaintiffs' Decedent as a result of the matters

alleged in the Complaint were a proximate cause of one or more independent, efficient and intervening causes which Defendant pleads as a complete bar to this action.

33. This Defendant did not breach any duties owed to Plaintiff's Decedent nor did this Defendant commit any acts or omissions which proximately caused any damages to Plaintiffs' Decedent.

34. This Defendant cannot be held liable in a supervisory capacity for any actions in which he took no part and over which he had no control.

### FOR A FIFTH DEFENSE
### (Reservation of defenses)

.

35. Defendant reserves the right to assert, and do not waive, any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

**WHEREFORE**, having fully answered the Complaint, Defendant prays that the same be dismissed, that he recover his costs and fees for having to defend this action, and for such other and further relief as the Court deems just and proper.

s/ Lovic A. Brooks, III
LOVIC A. BROOKS, III
GA Bar #085125
1122 Lady Street, Suite 1025
P.O. Box 136
Columbia, SC 29202
Phone: 803-254-5300
Fax:  803-254-5353
Lovic.Brooks@Janiklaw.com

OANA D. JOHNSON[*]

---

[*] *Pro hac vice* application forthcoming

                                                      S. C. Fed. Bar No. 11392  
                                                      151 King Street, Second Floor  
                                                      Charleston, SC 29407  
                                                      Phone: (843) 410-1912  
                                                      Fax: (440) 838-7601  
                                                      Oana.Johnson@Janiklaw.com

                                                      *Attorneys for Defendant Benjamin Webster*

May 2, 2016