# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SOLOMON OLUDAMISI AJIBADE *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Case No. CV416-082 |
| ROY HARRIS in his official capacity as Chatham County Sheriff, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

In this 42 U.S.C. § 1983 action involving a Chatham County, Georgia jail inmate's in-custody death, plaintiffs served defendants (and then-jail correction officers) Eric Vinson and Frederick Burke (collectively, "defendants") on April 9, 2016. Docs. 43 & 45 at 1; doc. 40 at 1 (plaintiffs' motion for default stating that service occurred on April 10, 2016). Neither man timely answered, *see* Fed. R. Civ. P. 12(a)(1)(A)(i) (defendants must answer within 21 days of service), so

plaintiffs moved for entry of default. Doc. 40. That motion remains pending, as do defendants' motions to "open" their defaults.[1] *Id.*

Vinson and Burke claim they failed to timely answer because (1) they thought they had 21 *weekdays* within which to do so, and (2) their employer unexpectedly declined to provide counsel, a decision not made until at least nine days into their response period. *See, e.g.*, doc. 43 at 1. Once defendants learned of plaintiffs' default motion, they immediately began preparing answers. Burke has since filed his answer (doc. 44), while Vinson included a partial Answer with his motion to open default. Doc. 43 at 2, 5.

Under Fed. R. Civ. P. 55(c), the Court "may set aside an entry of default for good cause." No default has actually been entered against Vinson or Burke, but they unquestionably are in default, having not timely answered. That said, the Court finds good cause to allow their answers.[2] Both motions to open default (doc. 43; doc. 45) therefore are

---

[1] Because plaintiffs' motion remains pending, their motions are in substance oppositions to plaintiffs' motion for entry of default.

[2] "In this case, default has not yet been entered, but because the Court sees no point in granting default only to set it aside, it will look to the 'good cause' standard in Rule 55(c) to determine whether to grant [Vinson and Burke]'s motion[s to open default]." *Murphy v. Farmer*, 2016 WL 1424060 at * 9 (N.D. Ga. Mar. 31, 2016).

**GRANTED**, while plaintiffs' motion for entry of default (doc. 40) is **DENIED**. The answer Vinson filed with his motion, however, is incomplete (it appears he omitted part of the first paragraph, *see* doc. 43 at 2). Hence, within 10 days of the date this Order is served, he must refile a complete answer.

---

'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one -- but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). We recognize that 'good cause' is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. [*Commercial Bank of Kuwait v.*] *Rafidain Bank*, 15 F.3d [238,] 243 [(2d Cir. 1994)]; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). We note, however, that these factors are not 'talismanic,' and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). 'Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194–95 (6th Cir. 1986).

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996), quoted in *Farmer*, 2016 WL 1424060 at * 9.

Vinson and Burke acted promptly to correct their defaults (no entry of default has even been entered yet), nothing indicates any intentional conduct on either's part, and plaintiffs will suffer no prejudice from allowing them to proceed. That's enough to show good cause.

**SO ORDERED**, this 9Th day of May, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA