# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| SOLOMON OLUDAMISI AJIBADE et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CV416-082 |
| ROY HARRIS in his official capacity as Chatham County Sheriff, et al., | ) ) ) ) | |
| Defendant. | ) | |

# ORDER

In this 42 U.S.C. § 1983 action involving a Chatham County, Georgia inmate's death while in the county jail, defendant Paul Folsome moves to open his default. Doc. 55. Plaintiffs served Folsome, a corrections officer at the jail who is proceeding here *pro se*, on April 18, 2016. Doc. 23 at 1. He did not answer by the May 9 deadline, *see* Fed. R. Civ. P. 12(a)(1)(A)(i) (defendants must answer within 21 days of service), so plaintiffs moved for entry of default against him. Doc. 47. That motion remains pending. *Id.*

Folsome claims he failed to timely answer because (1) his employer (Chatham County) unexpectedly declined to provide him an attorney,

and (2) he "mistakenly misplaced the notice of [him] as a defendant." Doc. 55 at 1-2. He denies all liability and asks the Court to file his Answer. *Id.* at 2.

Under Fed. R. Civ. P. 55(c), the Court "may set aside an entry of default for good cause." No default has actually been entered against Folsome, but he unquestionably *is* in default, having not timely answered. That said, the Court finds good cause to allow his answer.[1] His motion to open default is **GRANTED**. Doc. 55.

---

[1] "In this case, default has not yet been entered, but because the Court sees no point in granting default only to set it aside, it will look to the 'good cause' standard in Rule 55(c) to determine whether to grant [Folsome]'s motion [to open default]." *Murphy v. Farmer*, 2016 WL 1424060 at * 9 (N.D. Ga. Mar. 31, 2016).

> 'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one -- but not so elastic as to be devoid of substance." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). We recognize that 'good cause' is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.* Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. [*Commercial Bank of Kuwait v.*] *Rafidain Bank*, 15 F.3d {238,] 243 [(2d Cir. 1994)]; *see also Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984). We note, however, that these factors are not 'talismanic,' and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. OCheskey*, 975 F.2d 181, 184 (5th Cir. 1992). 'Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Id.* However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other

The answer he asks to file, however, is nonexistent. Hence, within 10 days of the date this Order is served, he must file a complete answer. Plaintiffs' motion for entry of default (doc. 47) is **DENIED AS MOOT**.

**SO ORDERED**, this  6th   day of June, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194-95 (6th Cir. 1986).

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996), quoted in *Farmer*, 2016 WL 1424060 at * 9.