UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **SOLOMAN OLUDAMISI AJIBADE** and **ADENIKE HANNAH AJIBADE,** as natural parents of Mathew Ajibade, and<br><br>**THE ESTATE OF MATHEW AJIBADE** and Chris Oladapo, its Executor,<br><br>　　Plaintiffs,<br><br>　　　　*v.*<br><br>**JOHN WILCHER,** in his official capacity as Chatham County Sheriff, et al.,<br><br>　　Defendants. | **CASE NO. 4:16-CV-82-WTM-GRS** |

**RULE 26(f) REPORT**

1.　Date of Rule 26(f) conference: June 2, 2016.

2.　Parties or counsel who participated in conference:

- **Plaintiffs: William Claiborne, Cameron Kuhlman, Mark O'Mara, William Cash, Alyssa Flood.**

- **Sheriff Wilcher: Jonathan Hart.**

- **Corizon Defendants (Corizon Health, Inc., Corizon, LLC, and Gregory Brown): Thomas Carlock.**

- **Burt Ambrose: did not attend.**

- **Frederick Burke: pro se.**

- **Mark Capers: pro se.**

- **Maxine Evans: Robert Philips.**

- **Andreux Evans-Martinez and Debra Johnson: Benjamin Perkins, Lauren Meadows.**

- **Paul Folsome: pro se.**

1

- **Jason Kenny: pro se.**

- **Christopher Reed: did not attend.**

- **Eric Vinson: pro se.**

- **Benjamin Webster: Oana Johnson (by phone).**

3. If any defendant has yet to be served, please identify the defendant and state when service is expected:

   **Not applicable.**

4. Date the Rule 26(a)(1) disclosures will be made:

   **June 16, 2016.**

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

   (a) Identify the party or parties making the objection or proposal:

   **None.**

   (b) Specify the objection or proposal:

   **None.**

6. The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

   (a) Identify the party or parties requesting additional time:

   **All parties conferred on this issue and agreed that additional time beyond the usual discovery period will be needed.**

   (b) State the number of months the parties are requesting for discovery:

   **10 months (6 months for fact discovery, 4 months for expert discovery, as explained below). To be precise, the parties request:**

        **Close of non-expert discovery:**   **December 2, 2016**
        **Close of expert discovery:**   **April 2, 2017**

(c)    Identify the reason(s) for requesting additional time for discovery:

  __X__    Unusually large number of parties

  _____    Unusually large number of claims or defenses

  __X__    Unusually large number of witnesses

  _____    Exceptionally complex factual issues

  _____    Need for discovery outside the United States

  _____    Other:

(d)    Please provide a brief statement in support of each of the reasons identified above:

**The number of parties and witnesses will make discovery in this case unusually lengthy, which we believe necessitates an extended discovery schedule.**

**Witnesses will include: all parties; people who witnessed Mr. Ajibade's pre-arrest behavior, his arrest, the events in the jail, and the aftermath; individuals in the organizational structures of the Sheriff and of Corizon; Ajibade family members. The parties also anticipate that there may be a need to examine fact witnesses relating to Mr. Ajibade's medical and mental condition prior to his arrest. All in all, there could be at least 40 witnesses with relevant information.**

**Additionally, it is expected that there will be several expert witnesses for the Plaintiffs, for the Sheriff, and for the Corizon Defendants, all of whom will need to be examined.**

**The parties anticipate that objections to producing certain evidence may be raised by parties and non-parties. The parties support an expanded discovery window to give sufficient time to resolve anticipated legal disputes.**

3

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a) Identify the party or parties requesting such limits:

    **All parties.**

    (b) State the nature of any proposed limits:

**The parties have conferred and agree that discovery should be conducted in two phases: non-expert discovery, and then expert discovery. That is, the parties contemplate that until December 2, 2016, discovery will be taken against parties and non-expert witnesses. After that date, no further such non-expert discovery will take place. However, if no party raises a reasonable objection, then additional fact discovery may take place up until January 2, 2017.**

**Discovery from December 2, 2016 until April 2, 2017 will be taken against the parties' expert witnesses.**

**It is anticipated that the Plaintiffs, the Corizon Defendants, and the Sheriff may each designate five or more expert witnesses. The other parties may also designate experts. This means there could be at least fifteen expert depositions to set. Our proposed three-month window is the smallest amount of time to reasonably resolve all such discovery.**

8.  The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

(a)  Identify the party or parties requesting the modification:

**All parties conferred and agree as stated below.**

(b)  State which deadline should be modified and the reason supporting the request:

**Plaintiffs' expert reports and disclosures: December 2, 2016**

**Defendants' expert reports and disclosures: January 15, 2017**

**Last day to file dispositive motions: May 17, 2017**

**Last day to file *Daubert* motions: May 17, 2017**

**The parties are requesting these disclosure deadlines because they align with the amended discovery schedule sought in this report. These disclosure dates give sufficient time to have expert discovery during the December-April window set above.**

**The parties request these motion deadlines because they fall 45 days after the close of all discovery.**

5

9. If the case involves electronic discovery,

   a. State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

   **The parties discussed the issue of electronically stored information.**

   **Plaintiffs have requested the Sheriff, Corizon, LLC, and Corizon Health, Inc. to search the electronically-stored information in their respective possession, custody, and control that may relate to the incident involving Mathew Ajibade on January 1–2, 2015, as set forth in the Complaint, including:**

   - **video relating to Mathew Ajibade;**

   - **communications including but not limited to e-mails, texts, alerts, and the like that relate to Mathew Ajibade;**

   - **electronic medical records that relate to Mathew Ajibade;**

   - **audit trails—such as logs describing any person's viewing, changing, or deleting of ESI relating to Mathew Ajibade; and**

   - **any other potentially relevant electronically stored information related to Mathew Ajibade.**

   **Defendants agree they will use reasonable efforts and generally-accepted methods to preserve the electronically-stored information that may relate to the incident involving Mathew Ajibade as set forth in the Complaint until the end of this litigation.**

   **Plaintiffs also have asked the Sheriff, Corizon Health, Inc., and Corizon, LLC to preserve ESI relating to policies and procedures for the use of Tasers, restraint chairs, and spit**

masks, and ESI relating to prior incidents involving these devices.

**Position of the Sheriff and Corizon Health, Inc.:** The Sheriff and Corizon Health, Inc. agree to use reasonable efforts and generally accepted methods to preserve existing ESI relating to policies and procedures for the use of Tasers, restraint chairs, and spit masks. Plaintiff's request that the Sheriff and Corizon Health, Inc. preserve all ESI which relates to "prior incidents involving" the use of Tasers, restraint chairs, and spit masks is overly broad and not proportional to the needs of the case. For example, this request could be construed as requiring the Sheriff to preserve all ESI relating to each prior instance where a combative inmate is placed in a restraint chair, or a spit mask is placed on an inmate who spits on an officer. The Sheriff and Corizon Health, Inc. therefore agree to preserve existing ESI related to prior incidents of the use of a Taser, restraint chair, and/or spit mask which involve factual situations that could be broadly construed as substantially similar to the case at hand.

**Position of Corizon, LLC:** Corizon, LLC did not operate at the CCDC. Corizon Health, Inc. operated at the CCDC.

**I. Disclosure and preservation issues**

    **Plaintiffs' position:**

        The Plaintiffs asked the Sheriff and the Corizon corporate defendants to certify that they have already preserved all of the materials listed above. These Defendants refused to certify, in this report, that they have done so. The Plaintiffs believe this is a reasonable request, given that litigation was foreseeable and these Defendants have been under preservation letters.

        The Plaintiffs also asked that all Defendants agree to use all efforts to preserve all ESI relating to Mathew Ajibade until the end of the action.

        The Plaintiffs asked that the Defendants advise all persons under their control not to destroy any ESI that could be relevant to the action.

        The Plaintiffs asked the Defendants to state that they have made a full search and inventory of the

>   ESI in their files and are assured as to their contents. The Plaintiffs asked the Defendants to disclose their inventory of ESI, including: its name, type, format, physical location, the name of the individual who is the custodian of the ESI, and a general description of its likely contents.
>
>   The Plaintiffs asked the Defendants to describe their automatic deletion policies applicable to this ESI, if any, and if there is no such policy, to say so.
>
>   Having failed to achieve agreement on these matters, the Plaintiffs intend to file a Rule 16 motion seeking the Court to require such actions in an order.
>
>   **Position of the Sheriff and Corizon Health, Inc.:**
>
>   >   The Sheriff and Corizon Health, Inc. have taken reasonable steps to preserve the materials listed above. Plaintiffs have not identified what they believe constitutes "potentially relevant electronically stored information related to Mathew Ajibade," among other things. Accordingly, Defendants cannot certify that they have preserved every single document or piece of electronically-stored information which Plaintiffs may ultimately contend is relevant to their claims.
>   >
>   >   With regard to Plaintiff's request for an inventory, and request for a description of automatic deletion policies, the Rule 26(f) report is not the proper forum for addressing such issues. The information can be sought in discovery.
>
>   **By Corizon Health, Inc.:** The system maintained by Corizon Health, Inc. to store electronic communications in its possession, custody, and control does not have an enabled "automatic deletion" function.
>
>   **By Corizon, LLC:** Corizon, LLC did not operate at the CCDC at any time. Corizon Health, Inc. operated at the CCDC.
>
>   **II. Meeting between the parties' IT professionals**
>
>   **Plaintiffs' position:**

>   **The Plaintiffs asked the Sheriff and the Corizon corporate defendants to arrange an informal conference between their attorneys and IT staff or custodians within 30 days of the Rule 26(f) conference in an effort to further identify ESI issues and attempt to reach agreement. These defendants refused to agree to set such a conference. The Plaintiffs intend to file a Rule 16 motion, seeking the Court to order the parties to hold such a conference.**

>  **Position of Corizon Health, Inc. and the Sheriff:**

>   **Corizon Health and the Sheriff are not opposed to a meeting, but need further information before they can determine who would be present and what would be discussed so that the appropriate people can participate.**

>  **Position of Corizon, LLC:**

>   **Corizon, LLC did not operate at the CCDC. Corizon Health, Inc. operated at CCDC.**

> **III. Transfer of evidence from the Sheriff and Corizon**

>  **Position of the Sheriff and Corizon Health, Inc.:**

>   **Chatham County has solicited bids that will result in retention of a new prison health services vendor in the foreseeable future. Chatham County and Corizon Health, Inc. anticipate that if there is a new provider, it will become the custodian of some of the electronically-stored prison health services information relating to Mathew Ajibade and the incident described in the Complaint. Plaintiffs are hereby notified of the potentially impending transition and the need to coordinate with the parties in this case to address any potential preservation of evidence issues during the potential transition.**

>   **The Sheriff agrees to preserve any information he receives from Corizon Health, Inc. in the transition.**

>   **Corizon Health, Inc. may ask the Court to appoint a special master or other judicially-appointed**

9

>   **official to oversee the transition process and preservation of evidence issues.**
>
>   **Plaintiffs' position:**
>
>   **The Defendants have an obligation to preserve this evidence and there should be no burden on the Plaintiffs to oversee the Sheriff's future relationship with a new prison health services vendor. The Sheriff and Corizon are the liable parties and they are the ones holding the discoverable ESI. If the Sheriff or Corizon fail to preserve relevant ESI, the Plaintiffs will file the appropriate motions for sanctions.**
>
>   **Based on these Defendants' position and other information, the Plaintiffs intend to seek a stipulation for the preservation of all ESI and other discoverable materials in the Defendants' possession.**

b.  Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

**Plaintiff's position:**

- **Whether or not the Defendants will certify that they have already preserved all relevant ESI.**

- **Whether or not the Defendants will use all efforts to preserve all ESI relating the Mathew Ajibade.**

- **Whether the Defendants should advise, and have already advised, all persons under their control not to destroy relevant ESI.**

- **Whether the Defendants should be required to make a full search and serve an inventory of all their ESI.**

- **Whether the Defendants should disclose their automatic ESI deletion policies.**

- **Whether the Defendants must agree to hold an early and informative conference between IT staff and attorneys.**

- **Whether the impending replacement of Corizon with another prison health company imposes any burden on Plaintiffs, and what that burden is.**

**Position of the Sheriff and Corizon Health, Inc.:**

- **The parties did not discuss issues relating to the format for production of electronically-stored information, the use of loadfiles, production of meta-data, the standards for searches, the standards for production of evidence related to searches, the standard for de-duplication, production of and contends of privilege logs, numerical standards for Bates-numbering, how to designate place-holders for native format ESI, the number of copies to be made per party, the medium through which copies will be provided, and the costs associated with inventorying, accounting for, searching, and producing ESI. The parties will endeavor to reach agreement on the foregoing matters.**

- **With regard to Plaintiff's position, the Sheriff and Corizon Health will use reasonable efforts and generally-accepted methods to preserve the electronically-stored information that may relate to the incident involving Mathew Ajibade as set forth in the Complaint until the end of this litigation. The Sheriff and Corizon Health are taking reasonable measures to preserve the existing information which they believe relates to Plaintiff's claims. The Sheriff and Corizon Health have taken reasonable steps to advise persons under their control not to destroy any ESI which they understand relates to Plaintiffs claims.  With regard to Plaintiff's request for an inventory, and request for a description of automatic deletion policies, the Rule 26(f) report is not the proper forum for addressing such issues.  The information can be sought in discovery. Regarding the conference with IT staff which Plaintiffs seek, Corizon Health and the Sheriff are not opposed to a meeting, but need further information before they can determine who would be present and what would be discussed so that the appropriate people can participate.**

- **Corizon Health, Inc. may ask the Court to appoint a special master or other judicially-appointed official to oversee the transition process and preservation of evidence issues.**

- **Corizon, LLC states that Corizon, LLC did not operate at the CCDC. Corizon Health, Inc. operated at the CCDC.**

11

10. If the case is known to involve claims of privilege or protection of trial preparation material,

    (a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

    **No explicit agreements have been made because discovery has not begun. If or when such issues arise, they will be addressed. The parties agree to produce a privilege log for communications requested in discovery and withheld as privileged under the attorney-client privilege and/or work product doctrine (provided however, that communications between trial counsel and their client(s) which occurred after suit was filed need not be listed on such a log).**

    (b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

    **None.**

    (c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

    **Although there is no dispute at this time, Corizon, LLC and Corizon Health, Inc. anticipate issues regarding the following privileges:**

        **(1) Privacy/confidentiality of non-litigants under the Privacy Rule and the HI-TECH Act and related rules and regulations;**

        **(2) Privacy/confidentiality of non-litigants under Georgia law;**

        **(3) Attorney-client privilege;**

        **(4) Work product protection;**

      **(5)**    **Self-critical analysis;**

      **(6)**    **Peer review;**

      **(7)**    **Quality assurance;**

      **(8)**    **Sentinel event reporting;**

      **(9)**    **Morbidity and mortality conferences; and**

      **(10)**   **Patient safety organization activities.**

      **The Sheriff agrees that some of the foregoing issues could arise.**

11. State any other matters the Court should include in its scheduling order:

    **The parties (except as below) have agreed to serve papers by e-mail (unless the size of the papers makes that medium impractical), although nothing shall preclude any party from serving a document by U.S. Mail. The provisions of Fed. R. Civ. P. 6(d) apply; i.e., an additional three days will be added on account of e-mail service. Defendants Capers, Folsome, and Vinson will be served by U.S. Mail.**

    **The parties have agreed to modify the discovery limits as follows:**

    - **Number of oral depositions by all plaintiffs: 30 witnesses, plus parties and experts**

    - **Number of oral depositions by all defendants: 30 witnesses, plus parties and experts**

    - **Number of interrogatories per party: 35**

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

    **None.**

/s/ William R. Claiborne
William R. Claiborne (Ga. Bar. No. 126363)
Cameron C. Kuhlman (Ga. Bar. No. 596159)
**THE CLAIBORNE FIRM, P.C.**
410 East Bay Street
Savannah, GA 31401
Phone: 912-236-9559
Fax: 912-236-1884
E-mail: cameron@clairbornefirm.com

/s/ Mark O'Mara
Mark O'Mara (Fla. Bar. No. 359701)
Alyssa Flood (Fla. Bar No. 99755)
**O'MARA LAW GROUP**
1416 East Concord Street
Orlando, FL 32803
Phone: 407-898-5151
Fax: 407-898-2468
E-mail: mark@omaralawgroup.com

/s/ William F. Cash III
Troy A. Rafferty (Fla. Bar No. 024120)
Timothy M. O'Brien (Ga. Bar. No. 548714)
William F. Cash III (Fla. Bar No. 68443)
**LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Phone: 850-435-7059
E-mail: trafferty@levinlaw.com
        bcash@levinlaw.com

*Attorneys for the Plaintiffs*

/s/ R. Jonathan Hart
R. Jonathan Hart (Ga. Bar. No. 333692)
Jennifer R. Burns (Ga. Bar No. 330328)
**CHATHAM COUNTY ATTORNEY**
PO Box 8161
Savannah, GA 31412
Phone: 912-652-7881
Fax: 912-652-7887
E-mail: rjhart@chathamcounty.org
jburns@chathamcounty.org

*Attorneys for Defendant John Wilcher*


/s/ Thomas S. Carlock
Thomas S. Carlock (Ga. Bar. No.110200)
Emily C. Ward (Ga. Bar No. 500999)
**CARLOCK, COPELAND & STAIR, LLP**
191 Peachtree Street, NE Suite 3600
Atlanta, GA 30303
Phone: 404-522-8220
Fax: 404-523-2345
E-mail: tcarlock@carlockcopeland.com
eward@carlockcopeland.com

*Attorneys for Defendants Corizon Health, Inc., Corizon, LLC, and Gregory Brown*


/s/ Frederick Burke
Frederick Burke

*Defendant Pro Se*


/s/ Mark Capers
Mark Capers

*Defendant Pro Se*

/s/ Robert P. Phillips III
_____

Robert P. Phillips III (Ga. Bar. No. 576700)
**PHILLIPS & CARSON**
420 W. Broughton Street, 2nd Floor
Savannah, GA 31401
Phone:    912-232-0081
Fax:        877-617-1480
E-mail:    bplaw@msn.com

*Attorney for Defendant Maxine Evans*


/s/ Benjamin M. Perkins
Benjamin M. Perkins (Ga. Bar No. 140997)
Lauren H. Meadows (Ga. Bar No. 575757)
**OLIVER MANER, LLP**
218 West State Street
Savannah, GA 31401
Phone:    912-236-3311
Fax:        912-236-8725
E-mail:    bperkins@olivermaner.com

*Attorneys for Defendants Andreux Evans-Martinez and Debra Johnson*


/s/ Paul Folsome
Paul Folsome

*Defendant Pro Se*


/s/ Jason Kenny
Jason Kenny

*Defendant Pro Se*


/s/ Christopher Reed
Christopher Reed

*Defendant Pro Se*


/s/ Eric Vinson
Eric Vinson

*Defendant Pro Se*

16

/s/ Lovic A. Brooks III
Lovic A. Brooks III
**JANIK, LLP**
151 King Street, Second Floor
Charleston, SC 29401
Phone:   843-410-1912
Fax:       440-838-7601
E-mail:  oana.johnson@janiklaw.com
             lovic.brooks@janiklaw.com

*Attorneys for Defendant Benjamin Webster*

17

**CERTIFICATE OF SERVICE**

    I certify that I have filed this *Rule 26(f) Report* on the Court's CM/ECF system, which will send notice of its filing to all parties.

                                        /s/ Cameron Kuhlman