# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

SOLOMAN OLUDAMISI AJIBADE )
and ADENIKE HANNAH AJIBADE, )
as natural parents of Mathew Ajibade, )
and THE ESTATE OF MATHEW )
AJIBADE and CHRIS OLADAPO, )
its Executor, )
                               )
      Plaintiffs, )
                               )
v.                             )       CV416-082
                               )
JOHN WILCHER, in his official )
capacity as Chatham County Sheriff, )
et al., )
                               )
     Defendants. )

# ORDER

This case arises from the January 2015 death of Mathew Ajibade (Mathew) while in the Chatham County Sheriff's custody at the Chatham County Detention Center (CCDC). Doc. 21 (Amended Complaint). He was arrested "in the throes of an episode of mental illness," and the police "were informed about his mental state and his need for prescription medicine, and were even given the pill bottle at the arrest to give to [him]." *Id.* at ¶ 2. At the CCDC, however, Mathew was "physically beaten and kicked in the head" and ultimately "forcibly restrained . . . in a restraint chair," and despite "not posing a threat to

anyone, [Mathew] was stunned with a Taser device at least four times." *Id.* at ¶ 3. No medical care was administered, and Mathew died as a result of his injuries. *Id.* at ¶¶ 4-5.

A.  Procedural Background

Defendant Debra Johnson served a subpoena upon Savannah Psychiatry, seeking records of Mathew's psychiatric treatment history:

> (a)  All treatment records <u>except for</u> counselling notes and confidential communications, which may be <u>redacted</u> prior to production;
>
> (b) All billing records; and
>
> (c) All prescriptions, referrals, and/or medication requests.

Doc. 93, Exh. A.  Savannah Psychiatry objected to the subpoena, contending that it sought information protected by the "federal psychiatrist-patient privilege under Fed. R. Evid. 501 and *Jaffee v. Redmond*, 518 U.S. 1 (1996)," the "Georgia psychiatrist-patient privilege under O.C.G.A. § 24-5-501," and "under the Federal and State right to privacy." Doc. 87 at 2.[1] Plaintiffs have not objected to the subpoena, and they have not filed any response to defendant's motion to compel

---

[1]  Savannah Psychiatry also objected to the subpoena on relevance and improper service grounds, *see* doc. 87, but abandoned those objections in its Opposition. *See* doc. 96.

2

production of Mathew's psychiatric records.

B. Discussion

Communications between a psychotherapist and a patient are absolutely privileged unless waived under both federal and Georgia law.[2] *See Jaffee*, 518 U.S. at 15; *Dynin v. Hall*, 207 Ga. App. 337, 338 (1993); O.C.G.A. § 24-5-501. However, the privilege may be *impliedly* waived where, as here, a party has placed his mental condition at issue. *See Stevenson v. Stanley Bostitch, Inc.*, 201 F.R.D. 551, 556 (N.D. Ga. 2001).

A review of the Amended Compliant in this § 1983 action reveals that Mathew's mental health prior to his detention at CCDC has been placed directly at issue. Plaintiffs allege he was suffering "a manic bipolar episode" at the time of the arrest. Am. Compl. (doc. 21) at ¶ 29. Responding officers "were advised that [he] was in the midst of the manic bipolar episode and in need of medical treatment" and "were also

---

[2] Savannah Psychiatry and defendant devote a significant portion of their briefs to debating whether federal or state privilege law apply. Because this case raises both federal (42 U.S.C. § 1983) and state law claims (wrongful death, assault, and battery), federal privilege law applies. *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992); Fed. R. Evid. 501. Regardless of whether the Court applies federal or state law, however, Mathew's mental condition is at the heart of this case and any psychotherapist-patient privilege has been waived.

3

given a plastic prescription bottle containing divalproex ("generic Depakote"), a medicine used to treat chronic bipolar disorder." *Id.* at ¶¶ 31-32. And, they allege, he was provided with no mental health care from the time of his arrest until he was forcibly restrained after an altercation with an officer three hours later. *Id.* at ¶¶ 37-40.

At bottom, plaintiffs allege that defendants disregarded Mathew's pre-existing mental condition during his detention and that their actions led to his death. "The Court cannot fathom a more clear example of voluntary waiver of the psychotherapist-patient privilege. Notwithstanding [Savannah Psychiatry]'s belief that state law prevents its production of the documents requested in the subpoena, it is clear that federal decisional law governs the privileged material at issue, even if the material is 'relevant to a pendent state law count which may be controlled by a contrary state law of privilege.'" *Kelly v. Owens*, 2007 WL 2580492 at *3 (M.D. Ala. Sept. 4, 2007) (quoting *Hancock*, 967 F.2d at 467). By the same token, any privacy right Mathew may have had in his records under either State or federal law has been waived. *See Moreland v. Austin*, 284 Ga. 730, 732 (2008).

Therefore, within 30 days of this Court's Order, Savannah

4

Psychiatry is ordered to produce Mathew Ajibade's complete treatment records, including his billing records, prescriptions (for medication and referrals to other providers), and a list of dates of treatment/attendance.

**SO ORDERED,** this 5TH day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA