# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SOLOMON OLUDAMISI AJIBADE, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV416-082 |
| JOHN WILCHER, in his official capacity as Chatham County Sheriff, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This case involves civil claims arising from Mathew Ajibade's death while in the custody of the Chatham County, Georgia Sheriff. *See* doc. 21 (Amended Complaint). Before the Court are two discovery motions brought by the plaintiffs. Docs. 82 & 83. Because the Court can decide the matter on the briefs, plaintiffs' request for oral argument, doc. 82 at 17, is **DENIED**.

I. **BACKGROUND**

The Savannah-Chatham Metropolitan Police arrested Ajibade and placed him into the custody of the Chatham County Sherriff's

Department at the Chatham County Detention Center (CCDC).[1] Doc. 21 ¶ 2. During CCDC intake a "scuffle" broke out between Ajibade and corrections officers; they subdued and restrained him. *Id.* ¶¶ 39-44. While restrained, defendant Jason Kenny tased him. *Id.* ¶ 54. After an indeterminate period of restraint, CDCC employees placed Ajibade in a holding cell, and found him dead about two hours later. *Id.* ¶¶ 65 & 67. Plaintiffs raise federal (*i.e.* 42 U.S.C. § 1983) and state law (*i.e.* wrongful death and assault and battery) tort claims. *See id.* at 10-25.

## II. ANALYSIS

### A. Motion to Compel Sheriff Wilcher

The plaintiffs' dispute with Sheriff Wilcher concerns data recorded in the Sheriff's inmate management system, "Phoenix." Doc. 82 at 1. They complain that he has not produced all of the information on Ajibade recorded in Phoenix. *See* doc. 90 at 9-10. They also object that the Sheriff supplied an "empty-headed" designee to testify during a (Fed. R. Civ. P. 30(b)(6)) deposition about it. *See* doc. 82 at 15. Finally, they want costs for bringing their motion, Rule 30(b)(6) deposition costs, and sanctions. *See* doc. 82 at 17; doc. 90 at 11.

---

[1] For purposes of this Order only, the Court accepts the Complaint's allegations as true.

### 1. Phoenix Data

Plaintiffs argue that the information Phoenix contains is important, both to their case-in-chief and to rebut defense testimony. *See, e.g.*, doc. 82 at 5-6. Wilcher summarily dismisses plaintiffs' motion as "without merit," doc. 88 at 1, but does not dispute the Phoenix data's relevance -- his response brief attached some of the very records that the plaintiffs sought to compel. *See id.* at 3, 6. Plaintiffs' reply discloses that the Sheriff produced still more information five days after his response was filed -- specifically, he produced "audit logs" reflecting access to Ajibade's Phoenix data. Doc. 90 at 7. Since the Sheriff clearly had discoverable information that he did not produce until after plaintiffs moved to compel, their motion is hardly "without merit."

To the extent that his response discusses the Phoenix data at all, the Sheriff attempts to minimize its importance by claiming that Ajibade's "Phoenix sheet" "contains no substantive information." Doc. 88 at 3. Even assuming that the significance of the information affects its discoverability, the Sheriff's response ignores plaintiffs' argument that the *existence* of the record itself is probative. *See* doc. 82 at 5 (existence of Phoenix record would contradict nurse's testimony); *see*

3

*also* doc. 90-2 at 37 (Sheriff's counsel referring to "very clear" testimony by deputies that no Phoenix record for Ajibade existed).

The only additional excuse for failing to produce the Phoenix data the Sheriff offers is that this case "is voluminous not only in papers, videos and other documents produced but in the number of witnesses and lawyers." Doc. 88 at 3. That response is unavailing. The Sheriff does not contend that the Phoenix data was somehow "lost" in the system. He does not argue that the Phoenix data would have been produced, but a search of the system was delayed by production of information deemed more significant. Even if he made such an argument it is belied by the record -- the "audit logs" appear to show that the system *was* searched for Ajibade's name 8 times since plaintiffs served their requests for production. *Compare* doc. 82-6 at 10 (requests served on June 30, 2016), *with* doc. 90-1 at 1 (showing 8 searches for Ajibade's name between July 8 and October 20, 2016). As plaintiffs say in their brief: "This is not how discovery is supposed to work." Doc. 90 at 7.

Since it is clear that the Sheriff's response to plaintiffs' document request was incomplete, and remains incomplete in important respects,

4

the motion to compel is **GRANTED**. Within 14 days of the date that this Order is served, Sheriff Wilcher shall disclose any and all information pertaining to Ajibade stored in the Phoenix system by producing copies of that information or permitting an inspection by plaintiffs. If the Sheriff chooses to produce copies, they must reflect the information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii).[2] The additional information that plaintiffs request, *i.e.* how the information would have appeared to deputies on the night of Ajibade's death, identification of any users shown by audit logs to have accessed Ajibade's records, and any additional information necessary to "make sense" of the audit logs, doc. 82 at 16-17, may be provided by any means agreed to by the parties.

---

[2] Plaintiffs argue that they should be able to specify production of the Phoenix information in its "native" format because "they asked for it and the Sheriff has not shown compelling reasons why he cannot produce the information in the format requested." Doc. 90 at 9-10. Plaintiffs' requests for production of documents do not, however, specify any format for production of electronically stored information, *see* doc. 82-6 at 2-3, and the parties' Fed. R. Civ. P. 26(f) report states that "[t]he parties did not discuss issues relating to the format for production of electronically stored information," doc. 75 at 11. In the absence of any express request or agreement that the information would be produced in a particular format, the Sheriff must produce the information according to the requirements of Fed. R. Civ. P. 34, or as the parties may agree. *See* Fed. R. Civ. P. 34(b)(2)(E)(ii) (*"If a request does not specify a form for producing electronically stored information,* a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form of forms.") (emphasis added);Rule 34(b)(2)(E) (allowing stipulation of procedure for producing documents or electronically stored information).

This may include providing the Phoenix information in the format plaintiffs request in their motion, providing the information as a supplement to the Sheriff's initial discovery responses, or through additional deposition testimony, as offered in the Sheriff's response, doc. 88 at 3.

### 2. Additional Testimony

Plaintiffs also object to the designation and testimony of Travis Shuff, who was the Sheriff's Rule 30(b)(6) designee to testify about Phoenix. *See* doc. 82 at 2-3, 15. They complain that he was not adequately prepared. *Id.* at 15. The Sheriff responds that although he was not prepared to testify about every relevant aspect of Phoenix and its use, the parties' agreed that his testimony would be limited, and that he (or another designee) will supplement that testimony at future depositions. Doc. 88 at 2-3. Plaintiffs reject that contention, although they concede that "depositions remain outstanding[, and c]ounsel on both sides are cooperating on a schedule." Doc. 90 at 8. *See id.* at 8-9.

Given that both parties agree that the Rule 30(b)(6) depositions will continue and the Sheriff has offered to allow plaintiffs to retake any depositions to elicit testimony on the contents of the Phoenix record, *see*

doc. 88 at 2-3, plaintiffs' request for an order compelling the Sheriff to "produce any necessary witness to testify about the newly-produced data" (doc. 82 at 17) is moot. Accordingly, plaintiffs' motion to compel the testimony of such a witness or witnesses is **DENIED**. If the Sheriff fails to make good on his offer, however, or if the witnesses produced are insufficiently prepared, plaintiffs may renew their motion.

### 3. Fees and Sanctions

Payment of expenses (including attorney's fees), typically, is mandatory when, "after giving an opportunity to be heard," courts grant motions to compel. Fed. R. Civ. P. 37(a)(5)(A). Only if (1) "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action;" (2) the failure to respond was justified; or (3) "other circumstances make an award of expenses unjust, may a court decline to award expenses to a prevailing party. *Id.* None of those exceptions apply here, and the Sheriff had his chance to be heard. Consequently, the Court **ORDERS** that he pay plaintiffs' "reasonable expenses incurred in making" their motion to compel[3], "including

---

[3] Although plaintiffs' motion to order additional depositions was rendered moot by the Sheriff's offer to submit to the additional depositions plaintiffs seek, there is no evidence that such an offer was communicated to plaintiffs prior to their motion. If the Sheriff's offer had not mooted plaintiffs' request, it would have been granted.

attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The parties shall meet and attempt resolution of this sub-issue within 14 days of the date this Order is served, short of which the Court will resolve it (in which case, plaintiffs must then file an itemized list of expenses and fees so the Court can evaluate their reasonableness and issue an expense award).

Plaintiffs also seek to recover costs that they incurred for Shuff's deposition. Doc. 82 at 17. Plaintiffs' notice sought testimony on "[t]he Phoenix inmate management system, its contents, capabilities, and usual practices for operation." Doc. 82-8 at 3. The transcript of Shuff's deposition shows that he was not evasive and he was able to answer plaintiffs' counsel's questions about Phoenix, *see generally* doc. 90-2; including general questions about its contents, *see id.* at 12 ("[Phoenix] tracks inmates' movement into the facility, their incarcerations, any actions inside the jail all the way up to the departure."), 17 (explaining that Phoenix logs searches and alterations to the data it contains); 17-18 (explaining the system contains "defendant information, charge information, arrest history, incarceration history, [and] warrants," and information about inmates' mental health), & 21 (testifying that Phoenix does not store use-of-force information). That testimony shows that

8

Shuff was prepared to testify, at least to some extent, about "the contents" of Phoenix.

Plaintiffs' argument that Shuff cannot have been adequately prepared because he was not asked to search Phoenix for Ajibade's records is misplaced. *See* doc. 82 at 9-10, 15. Rule 30(b)(6) requires that the notice of deposition "describe with reasonable particularly the matters for examination." Fed. R. Civ. P. 30(b)(6). Plaintiffs' notice of deposition only sought testimony on Phoenix's contents generally, which Shuff was prepared to, and did, give. It failed to task the deponent with searching Phoenix for Ajibade's records.

Rule 30(b)(6) does not require "absolute perfection in preparation," but only "a good faith effort . . . to find out the relevant facts." *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005). When it appears that a "designee is unable to adequately respond to relevant questions on listed subjects, then the responding [organization] has a duty to timely designate additional, supplemental witnesses as substitute deponents." *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 690 (S.D. Fla. 2012) (citations omitted). That's just what the Sheriff offers here. Doc. 80 at 2-3.

While it is clear that discovery in this case has not proceeded smoothly, Shuff was not so unprepared that his appearance was tantamount to no appearance at all. *See Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) ("If [the 30(b)(6) designee] is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all."); *Wilson*, 228 F.R.D. at 530 (explaining sanctions for failure to present adequate 30(b)(6) designee depend on "whether there have been good faith efforts to prepare, so that if a witness has rendered substantial testimony concerning the subject areas of their designations sanctions might well not be in order") (internal quotes and cite omitted). Accordingly, plaintiffs' request to recover their "costs and attorney fees associated with the deposition of Travis Shuff," doc. 82 at 17, is **DENIED**.

### B. Motion to Compel Paul Folsome

Defendant Paul Folsome, proceeding *pro se*, has failed to comply with his initial-disclosure obligations or respond to plaintiffs' interrogatories and requests for production of documents. *See* doc. 83.

Plaintiffs moved to compel his disclosures and responses on October 13, 2016. *Id.* He had until October 31, 2016 to oppose that motion. S.D. Ga. L.R. Civ. 7.5 (requiring response to motion within 14 days). Since he did not respond, the motion is deemed unopposed. *Id.* ("Failure to respond within the applicable time period shall indicate there is no opposition to a motion.") Accordingly, the plaintiffs' motion, doc. 83, is **GRANTED**. Defendant Folsome is **ORDERED** to serve his initial disclosures and his responses to plaintiffs' interrogatories and requests for production within 10 days from the date that this Order is served on him.

## III. CONCLUSION

To summarize, plaintiffs' Motion to Compel Production of Documents, Deposition Testimony, and for Sanctions (doc. 82) is **GRANTED** in part and **DENIED** in part. Since it was not required to decide the motion, their request for oral argument (*id.* at 17) is **DENIED**. Plaintiffs' Motion to Compel Paul Folsome to Comply with Discovery Obligations (doc. 83) is **GRANTED**.

**SO ORDERED,** this <u>10th</u> day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA