# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SOLOMON OLUDAMISI AJIBADE, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV416-082 |
| JOHN WILCHER, in his official capacity as Chatham County Sheriff, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The plaintiffs and defendants Sheriff Wilcher and Maxine Evans have moved the Court for a 45-day extension to complete discovery. Doc. 104. In its last Order granting an extension of time, the Court warned that no further extensions would be granted. Doc. 92. That was no idle threat. As discussed below, the Court **DENIES** in part and **GRANTS** in part, the movant's requested extension.

Movants point out that the "chief reason" for the requested extension is their difficulty scheduling the deposition of Stacey Desamours, the doctor who performed the autopsy on Mathew Ajibade. Doc. 104 at 1, 3. Her deposition is currently scheduled for the last day of

fact discovery, and plaintiffs are concerned that they will be unable to follow-up on any information she reveals. *Id.* at doc. 3.

The remaining reasons for the requested extension are vague and hypothetical, *e.g.* "based on past discussions between *certain parties*, it is *likely* that document productions will need to be supplemented again," and "*possible* that new motions to compel will be filed," and a subpoena objection "is *possibly* anticipated." *Id.* at 2, 4 (emphasis added). Those don't cut the mustard. Movants also identify difficulties with depositions, including party depositions,[1] and subpoenas. *Id.* at 2-4. Yet, they say nothing about why such difficulties could not or cannot be addressed during the already-extended discovery period. *Id.*

Accordingly, the request for "45 additional days across the board," is **DENIED**. The requested extension to the expert discovery period, to accommodate the deposition of Dr. Desamours on the last day of fact discovery, is **GRANTED**. If that deposition produces information that requires a limited reopening of fact discovery, the Court will consider

---

[1] In particular plaintiffs object to defendant Corizon's failure to correct erroneous discovery responses or respond to requests to schedule depositions of its employees. Doc. 104 at 4. If Corizon is not discharging its discovery obligations, plaintiffs may move to compel. The Court reminds Corizon that, if plaintiffs are forced to move to compel its compliance with those obligations, it faces sanctions. *See* Fed. R. Civ. P. 36(c)(1).

motions at that time. The Court will also consider motions to reopen fact discovery on a limited case-by-case basis, if other unanticipated or unavoidable delays occur.

The Scheduling Order, doc. 92, is amended as follows:

| | |
|---|---|
| CLOSE OF NON-EXPERT DISCOVERY | 03/31/2017 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY PLAINTIFFS | 05/17/2017 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT BY DEFENDANTS | 06/26/2017 |
| JOINT STATUS REPORT DUE | 06/28/2017 |
| CLOSE OF EXPERT DISCOVERY | 08/18/2017 |
| LAST DAY FOR FILING CIVIL MOTIONS INCLUDING *DAUBERT* MOTIONS BUT EXCLUDING MOTIONS *IN LIMINE* | 09/28/2017 |

**SO ORDERED,** this  2nd  day of February, 2017.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA