UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SOLOMAN OLUDAMISI AJIBADE and )
ADENIKE HANNAH AJIBADE, as natural )
parents of Mathew Ajibade, and )
THE ESTATE OF MATHEW AJIBADE and )
CHRIS OLADAPO, its Executor )
                                          )
             Plaintiffs, ) Case No.: 4:16-CV-82-WTM-GRS
                                         )
vs. )
                                         )
JOHN WILCHER, in his official capacity as )
Chatham County Sheriff, et al, )

## QUALIFIED PROTECTIVE ORDER

      Presently before the Court is the Parties' Joint Motion for a Qualified Protective Order. Defendant Johnson seeks the production of records in the possession of Non-Party Savannah Psychiatry which pertain to Mathew Ajibade ("Responsive Documents"). Plaintiffs have no objection to the production of the Responsive Documents.

      To provide for discovery in this case, while still protecting the privacy of Mathew Ajibade, the Court hereby ORDERS as follows:

      1.     The Responsive Documents will be subject to the proposed Qualified Protective Order unless and until the Court orders otherwise.

      2.     Non-Party Savannah Psychiatry will produce any and all records in its possession which pertain to Mathew Ajibade, with the exception of counseling notes, which may be redacted.

3. The Parties will not use or disclose any Responsive Documents for any purpose other than prosecuting or defending the claims in this litigation, as required by 45 C.F.R. § 164.512(e)(l)(v)(A);

    a. All Responsive Documents (including all copies) will be returned to the producing party or destroyed at the end of the litigation, as required by 45 C.F.R. § 164.512(e)(l)(v)(B);

    b. The Responsive Documents can be used or disclosed to the following people without proof of notice of this Order:

        1) The parties to this case;

        2) attorneys, consultants, employees, contractors, and other agents of the counsel of record for the parties in this case; and

        3) The judges in this matter, the judges' staff and law clerks;

    c. The Responsive Documents can be used or disclosed to the following people with proof that they have been counseled as to the existence of this Order and have agreed to follow it:

        1) Lay witnesses and Expert witnesses and court reporters

        2) mediators, arbitrators, and any other persons mutually permitted to be present at the depositions, mediation, arbitration and/or trial in this matter;

    d. The Responsive Documents will not be disclosed to any media (print, visual, audio, or electronic).

4. If a party files a document containing Responsive Documents with the Court, it shall file the Responsive Documents under seal and the same shall be kept under seal until further order of the Court. However, said information shall continue to be available to the Court and to such persons permitted access to such information under this Order. Where possible, only the portion of the filing/document containing the Responsive Documents shall be filed under seal. No additional leave of Court shall be necessary to file the Responsive Documents under seal;

5. Neither a party's request for, nor the Court's issuance of, a Qualified Protective Order precludes a party from later opposing or seeking the admissibility of particular evidence;

6. No action taken in accordance with the Qualified Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence;

7. The requested Qualified Protective Order will expire at the close of the litigation, including all appeals, for the above-referenced case.

The Court hereby approves and incorporates by reference the Parties' agreed upon terms and conditions as set forth in the Joint Motion.

SO ORDERED this _15th_ day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA