# EXHIBIT K

| | Chatham County Sheriff's Department Complex Corrections Bureau Policy and Procedure | Policy Number: 04/24/05 | Pages: 4 |
|---|---|---|---|
| | | Related A.C.A. Standards: 4-ALDF-4E-32 | |
| Chapter: HEALTH CARE | | Subject: Use of Restraints | |

I.  POLICY:

To provide for the clinical use of restraints as applied to **Mental Health/Mental Retardation (MH/MR)** designated inmates, when specifically approved by the Administrator, the Medical Director or their designees.

II. PROCEDURE:

   A. Authorization for Use of Restraints

   1. Authorization for use of restraints on MH/MR inmates will only be as a last resort measure and only in those cases in which the inmate presents a danger to self or others. Use of restraints as a disciplinary measure or as a convenience for staff is prohibited.

   B. Use of Restraints

   1. Chemical (pharmacological) agents **will not be used** on any inmate for the purposes of restraint.

   2. Approved restraints shall include:

      a. Lock-down cell

      b. Hand-cuffs (metal, disposable, etc.)

      c. Leg-shackles (metal, disposable, etc.)

      d. Waist chain

      e. Restraint chair

1



DEFENDANT'S EXHIBIT
6  JWB
10/5/15



PLAINTIFF'S EXHIBIT
P23

PA00025

  f. any combination of the above

  g. other restraints as approved by the Administrator

3. Approval for the use of restraints must be obtained from the Medical Director or designee, or the MH/MR staff in consultation with the Psychiatrist and/or Psychologist. **NOTE: In the event of an emergency, the on-duty Watch Commander may direct the use of restraints for the purposes as indicated in II.A(1) above. An emergency exist when an inmate is actively attempting to injure self or others, or is threatening suicidal or homicidal actions and pursues the threat.**

4. All restrained MH/MR inmates will be placed in a designated area that permits observation by staff. Under no circumstances will a detainee be restrained to a fixed post or object, unless specifically directed and authorized by Administrator, the Medical Director, or their designees.

5. The order for the use of restraints will be documented in the medical chart during the shift on which the inmate is restrained and signed by a physician within twenty-four (24) hours. Documentation will also be accomplished in the MH/MR record and signed by the involved MH/MR staff member. Concurrently, the Watch Commander will ensure that all applicable documentation is accomplished (i.e. Incident Reports from all staff involved, Use Of Force Form, etc.).

6. The order will include the reason and/or clinical justification, type of restraint specified and length of time anticipated for their use.

7. The maximum time allowed for the use of restraints is twenty-four (24) hours. If continued restraint is necessary, a new order must be initiated.

8. All restraints will be applied by security staff only.

9. The Medical staff (L.P.N. or R.N.) will check the application of restraints to ensure that the restraints are secure and are not injuring the inmate. The senior officer at the scene will be responsible for ensuring that any necessary adjustments to the restraints are done.

10. The removal of restraints will be done after consultation between the MH/MR staff, the security staff, Administrator and/or Medical Director or their designees.

    During non-business hours, this consultation may be between the on-call MH/MR staff and the Watch Commander. Restraints will be removed by security staff only.

11. Restrained inmates must be directly observed by security staff a minimum of every fifteen (15) minutes and will be evaluated by the Medical staff at least every two (2) hours. These observations will be documented in the appropriate log books and/or forms. Mental Health staff shall also conduct documented periodic checks at intervals of at least every hour (during normal business hours). After normal business hours, the checks conducted by the security staff and Medical staff shall be sufficient.

12. Accommodations will be made to afford the inmate an opportunity to be fed and to use the toilet facilities.

13. If the inmate has an existing and/or potential medical condition which could be exacerbated by the use of restraints, then the final determination to use restraints must rely on the immediate circumstances (i.e. immediate threat of injury to, and by, the inmate or others). However, once the immediate threat has diminished, then the restraints may be removed.

14. FULL AND COMPLETE DOCUMENTATION OF THE CIRCUMSTANCES SURROUNDING THE USE OF RESTRAINTS WILL BE ACCOMPLISHED PRIOR TO THE STAFF DEPARTING THE FACILITY.

15. The use of video recording cameras is authorized for the purposes of documenting staff's intercessory actions.

PA00027

III. POLICY REVIEW:

    This policy and procedure will be reviewed annually and updated as needed.

IV. EFFECTIVE DATE:

    Issued and approved _____2/6_____, 20 _08_.

    _____
    ADMINISTRATOR

ASSISTANT ADMINISTRATORS:

_____       _____
SECURITY                              OPERATIONS

4