FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 JUN -7 AM 11: 24
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SOLOMAN OLUDAMISI AJIBADE, as
natural parent of Mathew
Ajibade; and ADENIKE HANNAH
AJIBADE, as natural parent of
Mathew Ajibade; THE ESTATE OF
MATHEW AJIBADE; and CHRIS
OLADAPO, executor;

Plaintiffs,

v.

JOHN WILCHER, in his official
capacity as Chatham County
Sheriff; CORIZON HEALTH, INC.;
CORIZON LLC; GREGORY BROWN;
FREDERICK BURKE; ABRAM BURNS;
MARK CAPERS; MAXINE EVANS;
ANDREW EVANS-MARTINEZ; PAUL
FOLSONE; DEBRA JOHNSON; JASON
KENNY; and ERIC VINSON;

Defendants.

CASE NO. CV416-082

## ORDER

Before the Court is Plaintiffs' Motion for Reconsideration. (Doc. 167.) In their motion, Plaintiffs ask this Court to reconsider its previous ruling (Doc. 164) granting partial summary judgment to Defendant John Wilcher. Plaintiffs contend that the Court incorrectly concluded that Defendant Wilcher was entitled to immunity on Plaintiffs' claim that, in his role as sheriff, Defendant Wilcher improperly maintained a pattern and practice of the use of excessive force against detainees at the

Chatham County Detention Center. After careful consideration, Plaintiffs' request is denied.

When considering a motion for reconsideration, courts within the Eleventh Circuit have held that reconsideration is appropriate in a limited number of circumstances. Specifically,

> [r]econsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.

Bingham v. Nelson, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted); see also Wells v. Gen. Dynamics Info. Tech., Inc., 2012 WL 5207519, at *1 (M.D. Ga. Oct. 22, 2012). Additionally, "[i]n order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

In this case, Plaintiffs have failed to identify any change in the law or meaningful new evidence for this Court's consideration. Instead, Plaintiffs rely on arguments already fully presented to this Court in their briefing (Doc. 114; Doc. 129) in response to Defendant Wilcher's Motion for Partial Summary Judgment. After careful consideration, the Court does

not find any reason to alter its previous ruling. The Court properly considered Plaintiffs' arguments in light of the Eleventh Circuit's mandate in Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003) and found that the sheriff in Chatham County should not be subject to different liability than any other sheriff in Georgia. There is no legal precedence to support a different conclusion and any change in the law must come from a higher court. Accordingly, Plaintiffs' Motion for Reconsideration (Doc. 167) is **DENIED**.

SO ORDERED this 7th day of June 2018.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3